William Wilson and John Wilson, Defendants in Error, v. John Malone, Plaintiff in Error.

Heard in this court at the May term, 1930. Opinion filed September 22, 1930.

E. H. WEGENER, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE FULTON delivered the opinion of the court.

On May 13, 1929, one Ferd Koenig obtained a judgment in the county court of Randolph county against

George A. Wilson for the sum of $335 and costs. Execution was issued and served and no claim for exemption being filed, the sheriff levied on certain personal property of George A. Wilson, which included a Nash truck in controversy here.

Notices of sheriff's sale were posted and on July 20, 1929, the sheriff sold the Nash truck to the owner of the judgment against George A. Wilson. About three weeks after the sheriff's sale, the purchaser sold the truck to John Malone, the plaintiff in error here.

No written claim was served on the sheriff or his deputies in which it was claimed that the truck was owned by any other person than the defendant in the execution.

On August 9, 1929, William Wilson and John Wilson, defendants in error, started this action of replevin in justice court to recover possession of the truck. Bond was filed and writ of replevin was issued and served. On August 15, 1929, a trial was had in justice court where jury was waived and on a hearing the court found the plaintiff in error was entitled to the possession of the truck and entered judgment accordingly.

Defendants in error appealed to the circuit court of Randolph county where a jury was again waived and a trial had before the court at the September term. At the conclusion of all the evidence the plaintiff in error submitted four propositions of law in writing, and asked that they be held as law in the decision of the case. All were marked "Refused" by the court and the court found that the defendants in error were the owners of, and entitled to the possession of the truck and judgment was so entered in their favor and against the plaintiff in error for costs.

Plaintiff in error contends that because no notice was given to the sheriff in writing of the claim of the defendants in error as provided in Cahill's St. ch. 77, ¶ 70; chapter 77, par. 70 of Smith-Hurd Illinois Re-

vised Statutes, 1929, their remedy in replevin wholly fails.

That section provides a method of procedure in the county court where a trial of right of property is desired. The defendants in error would have been required to give such notice in that kind of a proceeding, but they also had the right to start an action of replevin, and the section above referred to has no application to the replevin suit.

The facts do not appear to be against the weight of the evidence, and it is our opinion that the court properly refused the written propositions of law, which were all based upon the necessity of giving notice under the section above outlined before starting replevin suit.

The judgment of the circuit court should be affirmed.

*Affirmed.*